**UNITED STATES COURT OF APPEALS**
**Filed 6/20/96**
**TENTH CIRCUIT**

PETER MITCHELL,

      Plaintiff - Appellant,

    v.

JOHN SIMONET, CARLOS JACKSON,
F.J. OLIVA, WAYNE JOCHEM, JANE
ESQUIBEL,

      Defendants - Appellees.

No. 95-1485
(D. Ct. No. 95-Z-689)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court dismissing plaintiff's pro se action brought pursuant to 42 U.S.C. § 1983 on the ground that the complaint is frivolous under 28 U.S.C. § 1915(d). Plaintiff appeals on the ground that the district court erred in

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismissing the action because plaintiff alleges that this is a class action seeking comprehensive injunctive relief for all indigent detainees who are presently or in the future will be incarcerated in the Denver County Jail. Further, the plaintiff alleges that the district court erred in finding that no constitutional rights had been violated under the circumstances alleged in plaintiff's pro se complaint. We affirm.

Construing plaintiff's pro se complaint liberally, as we must, the most that can be said is that plaintiff alleges his constitutional rights were violated by a failure of the Denver County Jail to provide adequate writing materials and surfaces upon which to write to pursue his legal actions. The allegation of error with respect to the purported class action apparently centers on these same alleged deprivations. Plaintiff's claim of a deprivation of constitutional rights is belied by the facts of this case. The district court found that defendant has filed 800 internal complaints and 700 "kites" (internal requests for indigent mail packages). Further, the plaintiff has filed at least 7 complaints in federal cases. On the face of the facts, it is clear that plaintiff's allegations with respect to his inability to acquire adequate writing materials is meritless. We agree with the district court that the action is frivolous and was properly dismissed under 28 U.S.C. § 1915(d). We **AFFIRM** for substantially the reasons given by the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge